**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

WOODROW FLEMMING,

                Plaintiff,

        v.                                      No. 9:15-CV-29 (DNH/CFH)

SCOTT SANTAMORE, et al.,

                Defendants.

---

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                        **OF COUNSEL:**

WOODROW FLEMMING
Plaintiff Pro Se
P.O. Box 146
New York, New York 10039

HON. ERIC T. SCHNEIDERMAN        MARIA LISI-MURRAY, ESQ.
Attorney General for the               Assistant Attorney General
   State of New York
The Capitol
Albany, New York 12224-0341
Attorney for Defendants

**MEMORANDUM-DECISION AND ORDER**

Plaintiff pro se Woodrow Flemming ("Flemming"), formerly an inmate in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that: (1) defendants Jason P. Ferrick, John Finnazzo, Jason Rufa, John J. Dimick, and April M. Forbes assaulted him at the direction of defendant Scott Santamore on February 15, 2013; (2) defendants David Rock, Theodore C. Zerniak, Jame Spinner Jr., and Luc Maynard are liable for the inadequate hiring, training,

and supervision of defendants Ferrick, Finnazzo, Rufa, Dimick, Forbes, and Santamore; (3) defendants Santamore and Maynard failed to investigate the alleged assault; (4) all defendants denied him medical care; (5) defendant Santamore placed him on a "restricted diet"; (6) defendants Santamore, Rock, Maynard, Spinner, and Zerniak subjected him to poor conditions of confinement while he was in the Special Housing Unit ("SHU"); (7) defendants Rock, Spinner, Zerniak, Maynard, and Santamore illegally searched his cell; (8) defendant Santamore destroyed his property; (9) defendants Rock, Spinner, Zerniak, Maynard, and Santamore illegally confiscated his legal papers; (10) defendants Santamore, Rock, Zerniak, Spinner, and Maynard deprived him of his property and denied him outdoor recreation, programs, and contact with other inmates for seven days without due process; and (11) defendants Zerniak, Spinner, Santamore, Maynard, Finnazzo, Ferrick, Rufa, Dimick, Forbes, Gerald Wilson, and Rock denied him due process when they transferred him from Walsh Regional Medical Unit ("Walsh RMU") to Upstate Correctional Facility ("Upstate C.F.") SHU. See generally Dkt. No. 1 ("Compl."). Although no longer incarcerated, Flemming was incarcerated at Upstate C.F. at all relevant times.

Presently pending before the Court is defendants' motion to revoke Flemming's in forma pauperis ("IFP") status, conditionally dismiss the complaint pursuant to 28 U.S.C. § 1915(g), or, in the alternative, impose a sanction of dismissal of the complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 11. Dkt. No. 16. For the following reasons, defendants' motion is granted in part and denied in part.

**II. Background**

The reader is directed to the May 1, 2015 Decision and Order of District Judge David

N. Hurd for a recitation of the facts set forth in Flemming's complaint. Dkt. No. 3 at 4-7. The Fourteenth Amendment failure-to-investigate claims against defendants Santamore and Maynard; and the claims that defendants Rock, Spinner, Zerniak, Maynard, and Santamore illegally searched Flemming's cell were dismissed with prejudice by Judge Hurd's Decision and Order, entered May 1, 2015. Id. at 25-26. Judge Hurd also dismissed, without prejudice: (1) the Eighth Amendment excessive force claims against defendants Rock, Zerniak, Spinner, and Maynard; (2) the Eighth Amendment medical indifference claims against defendants Santamore, Spinner, Zerniak, Dimick, Rufa, Ferrick, Finnazzo, Forbes, Kuma, Maynard, and Rock; (3) the Eighth Amendment conditions-of-confinement claims against defendants Santamore, Rock, Maynard, Spinner, and Zerniak regarding Flemming's SHU confinement; (4) the Fourteenth Amendment due process claim against Santamore regarding Flemming's lost property; (5) the denial of access to the Courts claim against defendants Rock, Spinner, Zerniak, Maynard, and Santamore; (6) the Fourteenth Amendment denial of due process claims against defendants Santamore, Rock, Zerniak, Spinner, and Maynard based on Flemming's seven day deprivation order; (7) the Fourteenth Amendment denial of due process claims against defendants Zerniak, Spinner, Santamore, Maynard, Finnazzo, Ferrick, Rufa, Dimick, Forbes, Wilson, and Rock based on Flemming's transfer from Walsh RMU to Upstate C.F; and (8) the First Amendment retaliation claims against all defendants. See id. at 8-25.

Judge Hurd's Decision and Order directed Flemming to file an amended complaint as to the claims dismissed without prejudice should he wish to pursue them. Id. at 26 n.19. Flemming has not yet filed an amended complaint. Flemming's surviving claims are: (1) the Eighth Amendment excessive force claims against defendants Ferrick, Finnazzo, Rufa,

-3-

Dimick, Forbes, and Santamore; (2) the Eighth Amendment medical indifference claim against defendant Wilson; and (3) the Eighth Amendment conditions-of-confinement claim against defendant Santamore for placing him on a nutritionally inadequate diet. Id. at 25. Defendants Kuma, Maynard, Rock, Spinner, and Zerniak were dismissed without prejudice. Id. at 26. Flemming filed a long form application to proceed IFP on January 12, 2015. Dkt. No. 2. Judge Hurd granted that application on May 1, 2015. Dkt. No. 3.

### III. Discussion

Defendants argue that Flemming's IFP status should be revoked, and his complaint conditionally dismissed because of his material misrepresentation to the Court. Dkt. No. 16-1 at 3-4. Defendants also argue that Flemming's complaint should be dismissed pursuant to Fed. R. Civ. P. 11 as a sanction for making a material misrepresentation to the Court. Id. at 4-6.

#### a. Application of the "Three Strikes" Rule Under 28 U.S.C. § 1915

The "three strikes" rule, codified at 28 U.S.C. section 1915(g), states that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Since October 16, 2007, Flemming has been barred, under 28 U.S.C. § 1915, from filing any IFP applications in the Northern District of New York unless under imminent

danger of serious physical injury.  Flemming v. Goord, No. 9:06-CV-562 (NAM/DRH) (N.D.N.Y. Dec. 8, 2009), Dkt. No. 39 at 2.  Defendants in Flemming v. Goord cited to three cases[1] that Flemming had filed in the Northern District of New York that had been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.  Id., Dkt. No. 27-7 at 4-5.  The three cited cases constituted "strikes" under 28 U.S.C. § 1915(g), and Flemming's IFP status was vacated.  See id., Dkt. No. 39 at 2.  Since the first vacatur of Flemming's IFP status, his subsequent applications for IFP status in this District, submitted during his incarceration, have been denied or revoked.[2]  According to the Federal Judiciary's Public Access to Court Electronic Records ("PACER"), for the nearly one-year period between June 24, 2013 and June 11, 2014, Flemming filed fifteen actions in the Northern District of New York,[3] and paid the filing fee for a portion of those cases in which his IFP application was denied pursuant to the "three strikes" rule.[4]  Flemming has filed seven additional

---

[1] Flemming v. New York, No. 9:05-CV-406 (DNH) (N.D.N.Y. Oct. 25, 2005); Flemming v. New York, No. 9:06-CV-55 (DNH) (N.D.N.Y. Apr. 14, 2006); Flemming v. Wright, No. 9:06-CV-86 (GLS) (N.D.N.Y. May 1, 2006).

[2] See, e.g., Flemming v. Goord, No. 9:11-CV-1026 (N.D.N.Y. dismissed Jan. 28, 2013); Flemming v. Goord, No. 9:11-CV-1022 (N.D.N.Y. dismissed Feb. 11, 2013); Flemming v. Fischer, No. 9:09-CV-1152 (N.D.N.Y. dismissed Mar. 18, 2010); Flemming v. Arquitt, No. 9:09-CV-1110 (N.D.N.Y. dismissed Feb. 16, 2010); Flemming v. New York, No. 9:09-CV-465 (N.D.N.Y. dismissed Sept. 30, 2009); Flemming v. Fischer, No. 9:09-CV-0005 (N.D.N.Y. dismissed Sept. 21, 2009); Flemming v. Goord, No. 9:06-CV-1244 (N.D.N.Y. dismissed July 30, 2008).

[3] See U.S. Party/Case Index <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl> (last visited Oct. 13, 2015).

[4] See, e.g., Flemming v. Moulton, 9:13-CV-1324 (N.D.N.Y. filed Oct. 24, 2013); Flemming v. Belliner, 9:13-CV-816 (N.D.N.Y. dismissed Apr. 2, 2015); Flemming v. Fischer, 9:13-CV-758 (N.D.N.Y. filed June 28, 2013).

actions in the Northern District since June 11, 2014.[5]

Defendants concede that, because Flemming is no longer incarcerated, he is not subject to the provisions of 28 U.S.C. § 1915. Dkt. No. 16-1 at 4. Section 1915(g) prohibits a "prisoner" from bringing a civil action or appeal when the "prisoner" has brought three prior actions or appeals that have been dismissed on the grounds that the action was frivolous, malicious, or failed to state a claim. 28 U.S.C. § 1915(g). Because Flemming filed this action on January 12, 2015, and was released from Upstate Correctional Facility ("Upstate") on March 21, 2014,[6] he is not a "prisoner" under 28 U.S.C. § 1915(g) and the "three strikes" rule does not apply. See Harris v. City of New York, 607 F.3d 18, 21-22 (2d Cir. 2010) ("The use of the word 'bring' [in 28 U.S.C. § 1915(g)] offers a clear indication that the provision goes into effect—and bars the suit under the *in forma pauperis* section—at the moment the plaintiff files his complaint or notice of appeal."); Phong Thanh Nguyen v. Chertoff, 501 F.3d 107, 112 (2d Cir. 2007) (holding that, where statutory language is unambiguous, no further inquiry into its application is required). The statute's clear use of the word "prisoner" forecloses the possibility that its provisions apply to a person who is not incarcerated. Therefore, the Court will not revoke Flemming's IFP status through application of 28 U.S.C. § 1915(g). Because the Court has determined that 28 U.S.C. § 1915 does not apply, the Court need not reach the issue of whether Flemming was under imminent danger when he filed his complaint.

---

[5] See U.S. Party/Case Index <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl> (last visited Oct. 13, 2015).

[6] See Dkt. No. 16-1 at 8.

**b. Flemming's Status as a Pro Se Litigant**

Defendants argue that Flemming's IFP status should be revoked and that he should receive the sanction of dismissal of his complaint under Fed. R. Civ. P. 11 for making a material misrepresentation to the Court. Dkt. No. 16-1 at 10. The alleged misrepresentation at issue is Flemming's failure to list all of his pending and closed cases on the form complaint he submitted to commence this action. Dkt. No. 16-1 at 4-5.

The Court must assess the severity of Flemming's alleged misrepresentations with "the generous perspective" by which courts review pro se papers. Standley v. Dennison, No. 9:05-CV-1033 (GLS/GHL), 2007 WL 2406909, at *7 (N.D.N.Y. Aug. 21, 2007). Special solicitude is usually granted to pro se litigants because of their lack of experience or familiarity with the legal system. See Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994). "'[T]here are circumstances where an overly litigious inmate, who is quite familiar with the legal system and with pleading requirements, may not be afforded [the] special solicitude' or status that is normally afforded *pro se* litigants." Standley, 2007 WL 2406909, at *7 (quoting Smith v. Burge, No. 03-CV-0955, 2006 WL 2805242, at *3 & n.3 (N.D.N.Y. Sept. 28, 2005) (Kahn, J., adopting report-recommendation of Lowe, M.J.) (citations omitted)). To determine whether a plaintiff's litigation experience is so significant that it dispenses with the need to afford him the special solicitude usually bestowed upon pro se litigants, a court will consider "(1) the number of previous federal court actions filed, (2) the number of previous federal court appeals filed, (3) the number of previous state court actions filed, (4) the number of previous state court appeals filed, and (5) the recency or simultaneity of the actions and/or appeals." Standley, 2007 WL 2406909, at *7 (citing Johnson v. Eggersdorf,

8 F. App'x 140, 143 (2d Cir. 2001)) (additional citations omitted). Although there is no bright line rule as to how many cases will deem a pro se litigant sufficiently experienced to dispense with or reduce special solicitude, the general consensus in this Circuit is that the special solicitude granted to a pro se litigant will be revoked where the plaintiff has filed more than a dozen cases. Id. (citing cases). Additional factors to consider are "the quality of the *pro se* litigant's submissions to the Court (e.g., whether they are typed, cogent, supported by applicable affidavits, exhibits, and/or memoranda of law, etc), and whether or not the *pro se* litigant has been victorious (or partially victorious) in any of his previous actions or appeals." Id. (citing Saunders v. Ricks, No. 9:03-CV-598, 2006 WL 3051792, at *2 (N.D.N.Y. Oct. 18, 2006)).

This Court has previously diminished the special solicitude afforded to Flemming. See Flemming v. King, No. 9:14-CV-316 (N.D.N.Y. filed Mar. 24, 2014). Dkt. No. 22. The factors discussed in the Court's July 16, 2015 Memorandum-Decision and Order revoking Flemming's IFP status are applicable here. A review of Flemming's litigation history on PACER reveals that he has filed approximately sixty civil rights actions within the Second Circuit since 1997.[7] PACER also shows that he has filed thirty-one appeals in the Second Circuit since 2003.[8] Flemming's submissions are usually handwritten, and sometimes illegible;[9] however, his five most recent complaints filed in the Northern District of New York,

---

[7] See U.S. Party/Case Index <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl> (last visited Oct. 13, 2015).

[8] See U.S. Party/Case Index <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl> (last visited Oct. 13, 2015).

[9] See Flemming v. Wright, No. 9:11-CV-804 (N.D.N.Y. dismissed Sept. 17, 2014), Dkt. No. 21 at 5, n.5 ("...despite numerous warnings, [Flemming] continues to submit

including the instant complaint, are either completely or partially typed.[10] To this Court's knowledge, Flemming has not been successful in any of his actions filed in this Circuit. See Standley, 2007 WL 2406909, at *8 (citing pro se plaintiff's victorious actions or appeals as support for revoking his special status as a pro se litigant). However, the sheer number of Flemming's previous filings warrant revoking his "special status" as a pro se litigant. Eggersdorf, 8 F. App'x at 143 (denying leniency to pro se civil rights inmate who had twelve cases simultaneously pending in the Northern District alone). Flemming's filing of approximately sixty civil rights actions in the Second Circuit exhibits his familiarity with pleading requirements. See id. (citing Davidson, 32 F.3d 27, 31) (citing the plaintiff's familiarity with pleading requirements based on his extensive filings and limiting deference usually given to pro se plaintiffs). Thus, the Court finds that, although Flemming has not exhibited a level of experience and sophistication to warrant fully revoking his special status as a pro se litigant, he has demonstrated a level of experience and sophistication sufficient to warrant a diminishment of that status. See Muniz v. Goord, No. 9:04-CV-0479, 2007 WL 2027912, at *6 (N.D.N.Y. July 11, 2007) (diminishing special leniency afforded to pro se plaintiff because "[p]laintiff [was] a litigant of at least some level of experience and sophistication.").

Further, given the Second Circuit's guidance that "a court would do well to limit the

---

handwritten pleadings which are extremely difficult to read.")

[10] See Dkt. No. 1; Flemming v. Santamore, No. 9:15-CV-00457 (N.D.N.Y. filed Apr. 16, 2015), Dkt. No. 1; Flemming v. Smith, No. 9:15-CV-00416 (N.D.N.Y. filed Apr. 8, 2015), Dkt. No. 1; Flemming v. Rock, No. 15-CV-00030 (N.D.N.Y. filed Jan. 12, 2015), Dkt. No. 1; Flemming v. Zerniak, No. 9:14-CV-01458 (N.D.N.Y. filed Dec. 3, 2014), Dkt. No. 1.

withdrawal of special status to specific contexts in which the litigant's experience indicates that he may be fairly deemed knowledgeable and experienced[,]" Flemming's status should be diminished only in the pleading stage of litigation in this action, given that he has rarely made it past the pleading stage in most of his actions, but has commenced nearly sixty civil rights actions in the Second Circuit. Sledge v. Kooi, 564 F.3d 105, 109 (2d Cir. 2009) (suggesting that a pro se litigant's special status be revoked only in regard to opposing a motion for summary judgment); see also Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010) (holding that, where a litigant is familiar with a particular procedural setting, "it falls well within the district court's discretion to lessen the solicitude that would normally be afforded [to a pro se litigant].").[11]

Accordingly, it is ordered that the special solicitude afforded to Flemming as a pro se litigant be diminished through the pleading stage in this action.

### c. Revocation of Flemming's IFP Status

Defendants claim that Flemming's IFP status should be revoked and his complaint dismissed because of his "material misrepresentation" to the Court. Dkt. No. 16-1 at 4-6.

Although 28 U.S.C.§ 1915(g) cannot operate to bar Flemming from proceeding IFP in this matter, the assessment does not end there. "The ability to litigate IFP is a privilege that can be denied, revoked, or limited based upon a showing of prior abuses." Cruz v. Zwart,

---

[11] The Second Circuit applies the same set of factors to determine whether a pro se litigant's special status should be diminished as it does to determine if a pro se litigant's status should be revoked. See Tracy, 623 F.3d at 103 (stating that district courts should exercise their discretion to determine "what degree of solicitude, if any, should be afforded [to pro se litigants].").

-10-

No. 9:13-CV-1287, 2014 WL 4771664, at *4 (N.D.N.Y. Sept. 24, 2014) (citing In re Anderson, 511 U.S. 364, 365-66 (1994)).  The court's authority to grant IFP status is grounded in the permissive, not compulsory, language of 28 U.S.C. § 1915(a)(1), which states that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore."  Gasaway v. Purdue, No. 9:11-CV-1272 (LEK/DEP), 2012 WL 1952928, at *5 (N.D.N.Y. Apr. 9, 2012).  Therefore, this Court may revoke Flemming's IFP status upon a finding that Flemming has abused the privilege of litigating IFP.

The details of a plaintiff's litigation history is particularly material in civil rights actions brought by prisoners because it allows the court to determine:

> (1) whether any of the issues in the action have been previously litigated and decided (for purposes of the doctrines of res judicata and collateral estoppel); (2) whether the plaintiff had, prior to being granted *in forma pauperis* status in this action, earned "three strikes" for purposes of 28 U.S.C. §1915(g); (3) whether the plaintiff had a record of frivolous litigation sufficient to warrant either (a) what is known as a "bar order" (i.e. an order barring him from litigating further in that court without meeting certain preconditions pursuant to 28 U.S.C. § 1651(a), or (b) an order declaring plaintiff to be a "vexatious" litigator pursuant to 28 U.S.C. § 1927); and (4) whether the plaintiff's litigation experience was so extraordinary that it effectively dispenses with the need to afford him special solicitude.

Chavis v. Curlee, No. 9:06-CV-0049 (LEK/GHL), 2008 WL 508694, at *10 (N.D.N.Y. Feb. 21, 2008) (Kahn, J., adopting report-recommendation by Lowe, M.J.).  The last three factors articulated by the Court in Chavis are relevant here and require consideration.  Id.

Flemming commenced this action with a form complaint, which is commonly used by

incarcerated plaintiffs.  See Dkt. No. 1.  Paragraph 5(a) of the form complaint asks, "[h]ave you filed any other lawsuits in any state and federal court relating to your imprisonment?" to which Flemming answered "Yes."  Id. ¶ 5(a).  Paragraph 5(b) then stated, "[i]f your answer to 5a is YES you must describe any and all lawsuits, currently pending or closed, in the space provided below."  Id. ¶ 5(b).  The next section of the complaint asked Flemming to provide, for each lawsuit: (1) the parties to the suit; (2) the court where the suit was filed; (3) the docket number; (4) the name of the judge to whom the case was assigned; (5) the disposition of the case; (6) the approximate filing date of the action, and; (7) the approximate date of the case's last disposition.  Id. ¶¶ 5(i)-(vii).  Flemming filled out the information for only one case, Flemming v. King.  Dkt. No. 1 at 5-6 (citing Flemming v. King, No. 9:14-CV-316 (DNH) (N.D.N.Y. filed Mar. 24, 2014)).

As stated, Flemming acquired three strikes for the purposes of 28 U.S.C. § 1915(g) in 2007.  On October 16, 2007, then Chief District Judge Norman A. Mordue issued an order barring Flemming from filing any IFP complaints in this district unless he is under imminent danger of serious physical injury.  Flemming v. Goord, No. 9:06-CV-562 (NAM/DRH) (N.D.N.Y. Dec. 8, 2009), Dkt. No. 39.  Further, as noted, Flemming's applications for IFP status in the Northern District filed subsequent to Judge Mordue's order have been denied or revoked.[12]  On July 2, 2014, Chief Judge of the Southern District of

---

[12] See Flemming v. Goord, No. 9:11-CV-1026, Dkt. No. 5 (dismissed Jan. 28, 2013); Flemming v. Goord, No. 9:11-CV-1022, Dkt. No. 4 (dismissed Feb. 11, 2013); Flemming v. Fischer, No. 9:09-CV-1152, Dkt. No. 8 (dismissed Mar. 18, 2010); Flemming v. Arquitt, 9:09-CV-1110, Dkt. No. 7 (dismissed Feb. 16, 2010); Flemming v. State of New York, No. 9:09-CV-0465, Dkt. No. 9 (dismissed Sept. 30, 2009); Flemming v. Fischer, No. 9:09-CV-0005, Dkt. No. 5 (dismissed Sept. 21, 2009); Flemming v. Goord, No. 9:06-CV-1244, Dkt. No. 22 (dismissed July 30, 2008).

New York, Loretta A. Preska, issued a bar order under 23 U.S.C. § 1651. Flemming v. City of New York, No. 1:14-CV-3191 (S.D.N.Y. Jul. 2, 2014), Dkt. No. 6. Pursuant to that Order, Flemming cannot file an IFP action in the Southern District without first obtaining leave of the court. Id. Considering Flemming's extensive filings with both the Northern and Southern Districts of New York, and the bar orders issued from each of those districts, Flemming has demonstrated a long record of frivolous litigation. Chavis, 2008 WL 508694, at *10. Additionally, Flemming has previously failed to list his complete litigation history on a form civil rights complaint, resulting in the revocation of his IFP status. Flemming v. King, No. 9:14-CV-316, Dkt. No. 22 (N.D.N.Y. filed March 24, 2014). Further, Flemming's lengthy litigation history clearly warrants the diminishment of the special solicitude normally afforded to pro se litigants. See section III.b, supra; Chavis, 2008 WL 508694, at *10.

Flemming argues in his opposition papers that defendants are trying to mislead the Court because nowhere on the IFP application does it state that the applicant must list his past and current cases. Dkt. No. 18 at 3. He also states that he told the Court that he had other cases pending. Id. at 2. This statement is belied by the record; a review of Flemming's complaint and IFP application shows that he did not state that he had other cases pending besides the one he listed in his complaint. Flemming further argues that the Court was aware that he had multiple pending and closed cases in this District. Id. The Court finds that such arguments lack merit. Firstly, Flemming chose to submit a form "Inmate Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Dkt. No. 1. Although a plaintiff is under no duty to fully disclose his litigation history to state an actionable civil rights claim, Flemming *chose* to answer a question on a form complaint, which asks that the

plaintiff provide a full litigation history.  See Chavis, 2008 WL 508694 at *10 (finding that where the plaintiff chose to use a form complaint and listed only one of his past cases, the misrepresentation warranted the imposition of sanctions under Rule 11).  Flemming is far from unfamiliar with the IFP application process and the submission of civil rights complaints through the standard form.  The Court is unpersuaded by Flemming's argument that he was unaware that he must submit a full litigation history merely because the IFP application does not state that the applicant is supposed to list all of their cases.  Dkt. No. 18 at 3.  Although the IFP application does not require the applicant to list their previous cases, Flemming has used the form civil rights complaint in nearly all of the sixty actions he has filed in this Circuit, and the form clearly requires plaintiffs to list "any and all lawsuits, currently pending or closed."  Dkt. No. 1 at 5.

Through his material misrepresentation to the Court, Flemming has abused the privilege of proceeding IFP in this matter.  The Court finds that revocation of Flemming's IFP status is appropriate even though he did not swear to the truthfulness of his complaint.  See Hurt v. Soc. Sec. Admin., 544 F.3d 308, 310 (D.C. Cir. 2008) (revoking plaintiff's IFP privilege where "the number, content, frequency, and disposition" of his pleadings showed "an especially abusive pattern, aimed at taking advantage of the IFP privilege").  Although Flemming's complaint is unsworn, courts in this Circuit have accepted as true allegations in unsworn, but signed, complaints when considering motions to dismiss.  See Glover v. Fed'n of Multicultural Programs, No. 14-CV-4006 (KAM)(LB), 2015 WL 4600645, at *5 n.2 (E.D.N.Y. July 29, 2015) (stating that "all well-pleaded and material factual allegations in a signed complaint must be accepted as true in assessing a motion to dismiss."); Cooper v.

Dennison, No. 08-CV-6238 CJS, 2011 WL 1118685, at *3 (W.D.N.Y. Mar. 24, 2011) (considering the plaintiff's unsworn amended complaint on a motion to dismiss). As such, the Court can find no reason why Flemming's assertion regarding his litigation history should be excused due to his failure to swear to the truthfulness of his signed complaint. As stated, in light of this Court's decision to diminish the special solicitude normally granted to pro se plaintiffs, Flemming's IFP status should be revoked due to his material misrepresentation to the Court. See Cruz, 2014 WL 4771664, at *6 (revoking plaintiff's IFP status where plaintiff listed only one previously filed lawsuit when he actually had filed at least eight other civil actions).

Accordingly, it is ordered that Flemming's IFP status be revoked in this matter. See Cruz, 2014 WL 4771664 at *6. The Court declines to conditionally dismiss Flemming's complaint. Id. at *7. Flemming is granted sixty days from the issuance of this Order to pay the full $400 filing fee. Failure to pay this filing fee will result in the dismissal of the complaint without further order of the Court. Id.

### c. Sanctions Under Fed. R. Civ. P. 11

Defendants move for the imposition of the sanction of dismissal under Fed. R. Civ. P. 11 ("Rule 11") for Flemming's material misrepresentation to the Court. Dkt. No. 16-1 at 3. For the reasons that follow, the imposition of sanctions is not warranted, and defendants' motion for the imposition of sanctions is denied.

The Court observes that defendants have not provided Flemming with the twenty-one

day safe-harbor period called for in Rule 11(c)(2).[13]  Although courts in this Circuit have dismissed pro se litigants' complaints sua sponte pursuant to Rule 11,[14] courts must find that the litigant's conduct was committed in bad faith.  See In re Pennie & Edmonds LLP, 323 F.3d 86, 90 (2d Cir. 2003).  Flemming contends that he failed to list all of his pending and closed cases because he was under the impression that the Court had access to his full litigation history.  Dkt. No. 18 at 3.  This argument does not excuse Flemming's misrepresentation, given his extensive familiarity with pleadings submitted using the form civil rights complaint.  See Baldwin v. Arnone, No. 3:12-CV-243 (JCH), 2013 WL 628660, at *4-5 (D. Conn. Feb. 19, 2013) (admonishing the plaintiff for his failure to list his full litigation history despite his excuse that he "forgot about the prior cases."); Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (finding no abuse of discretion

---

[13]  Rule 11(c)(2) states that:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.  If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

[14]  See Bell v. Lasaceli, No. 08-CV-0278A, 2009 WL 1032857, at *4 (W.D.N.Y. Apr. 15, 2009) (dismissing case on the alternative ground that the plaintiff should be sanctioned under Rule 11 for failing to disclose his prior litigation history to the court); Crum v. Dodrill, No. 9:06-CV-586, 562 F. Supp. 2d 366, 382-83 (N.D.N.Y. 2008) (Hurd, J., adopting report-recommendation by Lowe, M.J.) (dismissing complaint sua sponte as a Rule 11 sanction based on plaintiff's failure to fully disclose his prior litigation history); cf. Dolberry v. Jakob, No. 9:11-CV-1018 (DNH/DEP), 2014 WL 1292225, at *17 (N.D.N.Y. Mar. 28, 2014) (imposing the sanction of dismissal for the plaintiff's failure to list his full litigation history), rev'd sub nom. Dolberry v. Silvernail, Nos. 14-1284 (L), 14-2935 (Con), 2015 WL 4113699 (2d Cir. July 9, 2015) (summary order).

where district court dismissed complaint based on failure to disclose full litigation history, where plaintiff claimed he misunderstood the form).

Although the Court finds that Flemming's misrepresentation warrants revoking his IFP status, the Court determines that, "in light of the Second Circuit's oft-repeated admonishment to extend special solicitude to *pro se* litigants[,]" dismissal of Flemming's complaint is not warranted, even though the special solicitude extended to him is diminished. Cruz, 2014 WL 4771664, at *6, n.4 (revoking plaintiff's IFP status because of his material misrepresentations, but declining to impose the sanction of dismissal). This Court previously revoked Flemming's IFP status in Flemming v. King for his failure to list his full litigation history, however, Flemming filed the instant complaint prior to this Court's Order revoking his IFP status in that action. Therefore, Flemming has not been clearly warned in his prior cases that failing to list all of his pending and closed cases would result in dismissal. As such, the Court declines to issue Rule 11 sanctions at this time. See Baldwin, 2013 WL 628660, at *5 (declining to dismiss complaint as a sanction for failure to list prior litigation history where the plaintiff was not previously warned that such failure could result in dismissal); Toliver v. Fischer, No. 9:12-CV-77 (MAD/ATB), 2014 WL 411569, at *8 (N.D.N.Y. Feb. 3, 2014) (finding that the plaintiff's failure to list his entire litigation history was not "so unreasonable as to require imposition of sanctions"). Further, "dismissal is a harsh remedy to be utilized only in extreme situations." Colon v. Mack, 56 F.3d 5, 7 (2d Cir. 1995) (quoting Jackson v. City of New York, 22 F.3d 71, 75 (2d Cir. 1994)) (internal quotation marks and citations omitted).

Accordingly, in light of the special solicitude granted to pro se litigants, the Court

declines to issue sanctions under Rule 11 at this time.

## IV. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that defendants' motion to revoke plaintiff's IFP status and conditionally dismiss the complaint (Dkt. No. 16) is **GRANTED** insofar as revoking plaintiff's IFP status, and that the motion is otherwise **DENIED**; and it is further

**ORDERED** that Flemming is given **SIXTY (60) DAYS** from the date of entry of this Memorandum-Decision and Order to pay the Court's filing fee of $400. Failure to pay the filing fee in full within sixty (60) days will result in the matter being forwarded to District Judge Hurd for *DISMISSAL*; and it is further

**ORDERED** that the Clerk of the Court serve this Memorandum-Decision and Order on the parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: October 21, 2015
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge